POLICE COMMISSIONER OF BOSTON *vs.* MUNICIPAL COURT OF THE WEST ROXBURY DISTRICT.

Suffolk.    April 10, 1975. — August 14, 1975.

Present: TAURO, C. J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Civil Service.    District Court,* Review of action with respect to civil service.    *Administrative Board or Officer.*

Restatement of the scope of review of a decision of the Civil Service Commission by a judge of a Municipal Court upon a petition under G. L. c. 31, § 45, as appearing in St. 1970, c. 711.  [505-507]

A husband who was the libellee in an acrimonious divorce proceeding in which the acrimony was directed specifically at counsel and who subsequently was designated by the Civil Service Commission pursuant to G. L. c. 31, § 43 (*b*), as a "disinterested person" to conduct a hearing relative to the discharge of a police officer by the appointing authority should have disqualified himself upon it appearing that counsel for the officer had represented the wife in the divorce proceeding and seasonably requested the husband to disqualify himself, that counsel for the appointing authority joined in such request, and that the hearing was conducted by the husband over the recorded objection of the officer's counsel.  [507-509]

Upon a judge of a Municipal Court rightly concluding that one who conducted a hearing on behalf of the Civil Service Commission with respect to the discharge of a police officer was not a "disinterested person" as required by G. L. c. 31, § 43 (*b*), and that his failure to disqualify himself deprived the officer of a fair hearing, the correct remedy was not to order that the officer be re-

502                                    368 Mass. 501

Police Commr. of Boston *v.* Municipal Court of the W. Roxbury Dist.

instated with back pay, but to "remand" the case to the commission for a new hearing as authorized by c. 31, § 45, as appearing in St. 1970, c. 711. [509-510]

PETITION for a writ of certiorari filed in the Supreme Judicial Court for the county of Suffolk on February 22, 1974.

The case was reserved and reported by *Kaplan*, J.

*Lawrence J. Ball*, Assistant Corporation Counsel, for the Police Commissioner of Boston.

*Matthew T. Connolly* for Alfred R. Ciovacco (*Maurice F. Ford*, Special Assistant Attorney General, for the Municipal Court of the West Roxbury District, with him).

HENNESSEY, J.   This petition for a writ of certiorari, filed in the county court, sought to quash an order of a judge of the Municipal Court of the West Roxbury District issued following review of an action of the Civil Service Commission (commission).[1]   The commission, after hearing, had affirmed the action of the appointing authority, the police commissioner of the city of Boston (police commissioner) in discharging Alfred Ciovacco, a police officer.   The Municipal Court judge ordered that Ciovacco be reinstated with back pay on the ground that the commission "having adjudicated this matter through the use of a Hearing Officer who was not disinterested, the petitioner's right to a fair hearing has been irreparably damaged."

A single justice of this court reserved and reported the case, without decision, for the determination of the full court.   We conclude that the decision of the Municipal Court judge is to be set aside, and the case is to be remanded to the commission for a new hearing.

We summarize the facts as contained in an agreed statement submitted by the parties.   The police commis-

---

[1] The petition predated July 1, 1974.  See Mass. R. Civ. P. 81 (b), 365 Mass. 841 (1974), abolishing the writ of certiorari but providing relief in accordance with the new rules of civil procedure.  See also G. L. c. 249, § 4, as appearing in St. 1973, c. 1114, § 289.

368 Mass. 501                                                    503

Police Commr. of Boston v. Municipal Court of the W. Roxbury Dist.

sioner is the appointing authority of patrolmen in the Boston police department.   On March 15, 1972, Ciovacco held the permanent civil service position of patrolman in the Boston police department.   On that date, pursuant to the applicable statutes, he was granted a hearing before the police commissioner relative to charges consisting of three specifications that Ciovacco on September 8, 1971, while off duty and not in uniform, had committed assault and battery on one Patricia Moran and on two Metropolitan District Commission (M.D.C.) police officers.

At the hearing before the police commissioner, the two M.D.C. officers testified that they had observed Ciovacco in a parked automobile repeatedly punching Miss Moran; that Ciovacco refused to obey their commands to cease striking the woman; and that Ciovacco punched the officers when they sought to restrain him physically. Neither Ciovacco nor Miss Moran testified.

By letter dated March 20, 1972, the police commissioner informed Ciovacco of his decision to discharge Ciovacco from his position as a patrolman.   Ciovacco requested that the commission grant him a further hearing.   On April 14, 1972, a hearing was held before Mr. Albert Mezoff, a hearing officer who was designated by the commission as a "disinterested person" pursuant to G. L. c. 31, § 43 (*b*).

Prior to entering the hearing room, counsel for Ciovacco did not know that Mr. Mezoff had been designated to conduct the hearing requested by Ciovacco.   Before the taking of evidence began, counsel for Ciovacco objected to Mr. Mezoff's being assigned by the commission to hear the case.   Counsel for Ciovacco stated that his objection was "not on personal grounds whatever," but rather was that in the Probate Court for Middlesex County counsel for Ciovacco had represented the former Mrs. Mezoff in a divorce libel against Mr. Mezoff, and that at stages in that hearing there were acrimonious remarks made by Mr. Mezoff.   For the same reason, counsel for the appointing authority also objected to Mr. Mezoff's sitting and re-

quested that Mr. Mezoff disqualify himself. Mr. Mezoff refused to disqualify himself and ordered the parties to proceed with the hearing. At that point Ciovacco's counsel recorded his objection to proceeding.

Mr. Mezoff heard substantially the same evidence as had been heard by the police commissioner relating to Ciovacco's punching Miss Moran and the two police officers. Mr. Mezoff recommended that the action of the appointing authority in discharging Ciovacco be upheld by the commission. Thereafter the commission in a letter dated June 9, 1972, informed Ciovacco that the case had been reviewed by the commission and that the commission had voted that the action of the police commissioner in discharging Ciovacco "was justified and is affirmed."

Ciovacco thereupon brought a petition for review of the commission's decision in the Municipal Court of the West Roxbury District. On October 3, 1973, a hearing was held before the presiding judge of that court. At that hearing, a return of the commission was submitted which included Mr. Mezoff's report, the transcript of the hearing, and a statement by counsel for Ciovacco, with the assent of counsel for the commission, that in the suit in the Probate Court for Middlesex County counsel had represented the wife of Mr. Mezoff in a "bitter and acrimonious" divorce.

The judge found, inter alia, that the hearing officer arbitrarily and capriciously refused to disqualify himself; that the hearing officer was not a disinterested person as required by G. L. c. 31, § 43 (b), and therefore he should have disqualified himself and removed himself from the hearing of the case; that the commission had based its decision on an unlawful procedure and that, by adjudicating this matter through the use of a hearing officer who was not disinterested, the commission had irreparably damaged Ciovacco's right to a fair hearing. The judge ordered, as "the only remedy for this damage," that Ciovacco be reinstated with back pay.

368 Mass. 501                                                    505

Police Commr. of Boston *v.* Municipal Court of the W. Roxbury Dist.

Ciovacco, on or about February 11, 1974, filed a petition for a writ of mandamus seeking an order for reinstatement. This petition is pending in Superior Court. Thereafter, on February 22, 1974, this petition for a writ of certiorari was filed by the police commissioner in the county court.

1. Review of the commission's decision took place in the Municipal Court of the West Roxbury District under G. L. c. 31, § 45, as appearing in St. 1970, c. 711, as shown in pertinent part in the margin.[2]

---

[2] General Laws c. 31, § 45, in pertinent part, reads as follows: "The review shall be conducted by the court and shall be confined to the record, except that in cases of alleged irregularities in procedure before the commission, not shown in the record, testimony thereon may be taken in the court.

"If application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material to the issues in the case, and that there was good reason for failure to present it in the proceeding before the commission, the court may order that the additional evidence be taken before the commission upon such conditions as the court deems proper. The commission may modify its findings and decision by reason of such additional evidence and shall file with the reviewing court, to become a part of the record, the additional evidence together with any modified or new findings or decision.

"The court may affirm the decision of the commission if it finds that the decision was justified or remand the matter for further proceedings before the commission; or the court may set aside and reverse the decision of the commission if it determines that such decision is — (a) in violation of constitutional provisions; or (b) in excess of the statutory authority or jurisdiction of the commission; or (c) based upon an error of law; or (d) made upon unlawful procedure; or (e) unsupported by substantial evidence; or (f) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.

"The court shall make the foregoing determinations upon consideration of the entire record, or such portions of the record as may be cited by the parties.

"If the court finds that the decision of the commission confirming action by an appointing authority in discharging, removing, suspending, laying off, transferring from his office or employment without his consent, lowering in rank or compensation, or abolishing his position should be reversed, the employee shall be reinstated in his office or position without loss of compensation."

The scope of review open to the judge was defined in *Sullivan* v. *Municipal Court of the Roxbury Dist.* 322 Mass. 566, 572-573 (1948), where we said: "The scope under a statute of this type of a judicial review to determine whether the action of an administrative officer in discharging or removing an officer or employee in the classified service was 'justified' has been settled by a series of decisions. The difference between a review and 'a retrial of the case as if it were unqualifiedly appealed from one court to another' was pointed out in *Mayor of Medford* v. *Judge of First District Court of Eastern Middlesex,* 249 Mass. 465 [1924], at pages 470-471, and in *Selectmen of Wakefield* v. *Judge of First District Court of Eastern Middlesex,* 262 Mass. 477, 482 [1928]. 'Review' indicates 'a re-examination of a proceeding, already concluded, for the purpose of preventing a result which appears not to be based upon the exercise of an unbiased and reasonable judgment. It does not import a reversal of the earlier decision honestly made upon evidence which appears to an unprejudiced mind sufficient to warrant the decision made although of a character respecting the weight of which two impartial minds might well reach different conclusions, and upon which the reviewing magistrate, if trying the whole issue afresh, might make a different finding.' *Murray* v. *Justices of the Municipal Court of the City of Boston,* 233 Mass. 186, 189 [1919]. *Mayor of Somerville* v. *District Court of Somerville,* 317 Mass. 106, 109 [1944]. *Board of Public Works of Arlington* v. *Third District Court of Eastern Middlesex,* 319 Mass. 638 [1946], and cases cited. 'Justified' in connection with 'review' means 'done upon adequate reasons sufficiently supported by credible evidence, when weighed by an unprejudiced mind, guided by common sense and by correct rules of law.' *Selectmen of Wakefield* v. *Judge of First District Court of Eastern Middlesex,* 262 Mass. 477, 482 [1928]. *Costa* v. *District Court of Eastern Essex,* 305 Mass. 85 [1940]."

368 Mass. 501                                    507

Police Commr. of Boston *v.* Municipal Court of the W. Roxbury Dist.

Despite substantial changes in G. L. c. 31, § 45, particularly as achieved by the 1970 amendment, this statement of the law has continued validity. See *Commissioner of Civil Serv.* v. *Municipal Court of the City of Boston*, 359 Mass. 211, 214-215 (1971).

2. We examine first whether the judge had sufficient basis on which to conclude that Mr. Mezoff was not a "disinterested person" as required by the statute. We conclude that he had.

The disinterested person's function is essentially judicial. He holds a hearing, takes evidence and makes findings of fact; thereafter the commission makes its decision based on the hearing officer's findings; it can affirm the action of the appointing authority, or reverse the action, or modify any penalty imposed. G. L. c. 31, § 43 (*b*).

A judicial officer of this kind is governed, as are masters and auditors, by the same high standards as have been set for judges. See *Beauregard* v. *Dailey*, 294 Mass. 315, 324-325 (1936). These high standards in turn are reflective of the constitutional rights of litigants to a fair hearing, as established in art. 29 of the Declaration of Rights of the Constitution of this Commonwealth, viz.: ". . . It is the right of every citizen to be tried by judges as free, impartial and independent as the lot of humanity will admit . . . ." Article 29 extends beyond judges "to all persons authorized to decide the rights of litigants." *Beauregard* v. *Dailey*, 294 Mass. at 324 (1936).[3]

---

[3] The Code of Judicial Conduct became effective in the Commonwealth on January 1, 1973. S.J.C. Rule 3:25, 359 Mass. 841 (1972). Canon 3 (C) (1) is particularly relevant as to impartiality, and provides that: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party . . . ."

This Code was not in effect at the time of the litigation involved here. Ciovacco nevertheless argues that the Code was early and widely publicized as the probable rule of the future in the Commonwealth and that the hearing officer here should accordingly be held

Not every contention of bias or partiality is entitled to be honored by a judge, or a hearing officer. See, e.g., *Thomajanian* v. *Odabshian,* 272 Mass. 19 (1930); *Beauregard* v. *Dailey,* 294 Mass. 315, 325 (1936); *Frade* v. *Costa,* 342 Mass. 5 (1961); *Commonwealth* v. *Leventhal,* 364 Mass. 718 (1974). Indeed, the judge or hearing officer in some circumstances unquestionably has a duty to resist a challenge to his impartiality which is tenuous, baseless or frivolous.

In the instant case, however, there was a sufficient basis for the Municipal Court judge's conclusion that the hearing officer was not a disinterested person. It was shown that the request for disqualification was made in a timely fashion by counsel for Ciovacco and that the hearing was held over his objection. The judge found, on adequate and undisputed representations, that Ciovacco's counsel had represented Mr. Mezoff's wife in her divorce action against him, and that the proceeding was acrimonious. Contrary to the police commissioner's present argument, the judge below rightly could infer from the record before him that the acrimony was directed specifically at counsel in the divorce proceeding. It was significant that counsel for *both* sides requested Mr. Mezoff to disqualify himself. This was a factor which Mr. Mezoff should have accorded significant weight in making his decision whether he should withdraw. In sum, the Municipal Court judge was warranted in concluding, as he did, that Mr. Mezoff should have disqualified himself and that his failure to do so deprived Ciovacco of a fair hearing. We observe that there is no showing that the hearing was unfairly conducted, or that Mr. Mezoff demonstrated bias in his findings, but those aspects are of course not controlling in

---

to those standards. We need not rely on that line of argument to reach the result in this case. The requirement of judicial impartiality was well known and firmly established long before the Code was adopted.

368 Mass. 501                                    509

Police Commr. of Boston *v.* Municipal Court of the W. Roxbury Dist.

light of the judge's conclusion that Mr. Mezoff should not have presided at the hearing.

3. The question remains whether the Municipal Court judge was correct in ordering that Ciovacco be reinstated with back pay. We conclude that this order was not correct.

The statute, G. L. c. 31, § 45, provides that the judge may "affirm" the decision of the commission if he finds that the decision was justified; he may remand the matter for further proceedings before the commission; or he may set aside and reverse the decision of the commission if he determines that such decision suffers from any of the infirmities referred to in the statute. See fn. 2, *supra.* If the judge sets aside the commission's decision, he may order reinstatement with back pay. However, we conclude that in the circumstances of this case, the judge should have remanded the case to the commission for a new hearing. We do not agree with the judge's conclusion that the damage caused to Ciovacco was "irreparable" and that reinstatement with back pay was the only remedy for this damage. Clearly, a new hearing before an impartial hearing officer was then and continues to be an adequate remedy.[4] It is true that the judge ruled that the prior action was "unlawful procedure," and that this wording tracks the statute as a ground for reversal and reinstatement with back pay. Nevertheless, we do not believe that the Legislature intended that an invalid procedure such as that which occurred here, and is remediable by a new hearing, should automatically result in the commission's proceeding being set aside, with accompanying reinstatement and

---

[4] Ciovacco argues that he gave up other business opportunities after the judge ordered his reinstatement, and that this loss is irretrievable. The bootstrapping nature of this argument is obvious. First of all, the order of the Municipal Court judge was subject to appellate review and Ciovacco was not justified in treating it as final. Second, if it is ultimately determined that his discharge was not justified, he will be entitled to recover all back pay.

back pay. We observe that the statute provides that the judge "may set aside and reverse" the decision if he concludes that the decision is defective in any of the enumerated ways, including that of unlawful procedure.

We analogize the matter to a judicial proceeding at common law. The wrongful failure of a judge or other judicial officer to disqualify himself would be remedied on appeal, not by ordering the entry of a final judgment in favor of the aggrieved party, but by ordering a new and valid proceeding below. We believe that the Legislature, in the application of common sense and common knowledge of what is ordinarily done in judicial proceedings, intended that similar relief should be afforded to the employee, in a case such as this, under the terms of G. L. c. 31, § 45. We are strengthened in this belief by the provision in the statute (inserted by amendment St. 1970, c. 711) that permits the reviewing judge to "remand the matter for further proceedings before the commission."

4. We reject Ciovacco's contention that the delay of four months, between the Municipal Court decision and the filing by the police commissioner of his petition before the county court, imports laches within the meaning of *Whately* v. *County Commrs. of Franklin*, 1 Met. 336, 339 (1840), *Noyes* v. *Springfield*, 116 Mass. 87 (1874), and *Byfield* v. *Newton*, 247 Mass. 46, 58 (1923).

The case is remanded to the county court, where a judgment is to be entered setting aside the order of the judge of the Municipal Court for the West Roxbury District and ordering that the matter be remanded to the commission for a new hearing before either a member of the commission or a disinterested person designated by the chairman of the commission pursuant to G. L. c. 31, § 43 (*b*).

*So ordered.*