84 Mass. App. Ct. 537 (2013)                                          537

Doe, Sex Offender Registry Board No. 29481 *v*. Sex Offender Registry Board.

JOHN DOE, SEX OFFENDER REGISTRY BOARD No. 29481 *vs.*
SEX OFFENDER REGISTRY BOARD.

No. 11-P-1700.

Suffolk. September 12, 2013. - November 21, 2013.

Present: GREEN, GRAINGER, & FECTEAU, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act.
Administrative Law,* Hearing. *Evidence,* Bias. *Due Process of Law,* Administrative hearing. *Constitutional Law,* Impartial tribunal.

A plaintiff challenging his classification by the Sex Offender Registry Board
as a level three sex offender met his burden of proof with respect to due
process violations caused by the hearing on his classification, where this
court had significant doubt, based on comments that the hearing officer
posted on a social networking Web site over a span of time during which
the plaintiff's hearing had been held, the hearing examiner had issued his
decision, and the plaintiff had sought judicial review, whether the plaintiff
received a hearing conducted by a fair, unbiased, and impartial hearing
examiner. [539-543]

CIVIL ACTION commenced in the Superior Court Department on
January 22, 2009.

The case was heard by *Frank M. Gaziano*, J., on a motion for
judgment on the pleadings, and a motion to vacate the denial of
the motion for judgment on the pleadings was heard by *Peter
M. Lauriat*, J.

*Xiomara M. Hernandez* for the plaintiff.

*Thomas M. Doyle* for the defendant.

FECTEAU, J. The plaintiff appeals from a Superior Court judgment that affirmed the denial of his request for expert funds and
affirmed the final decision of the Sex Offender Registry Board
(board) which, after a de novo hearing, ordered the plaintiff to
register as a level three (high risk) offender. On appeal, the
plaintiff essentially argues that (1) the hearing examiner's deci-

sion is not supported by substantial evidence, (2) a remand for a new hearing is necessary due to the bias of the hearing examiner, and (3) a remand is also required because it was an abuse of discretion to deny his motion for funds to obtain expert evidence to explain that he poses a lower risk of recidivism because of mental illness and his age (fifty-eight at the time of the hearing). Due to the bias of the hearing examiner, the decision of the board must be vacated and the plaintiff must be afforded a new classification hearing.

1. *Background.* On December 17, 1997, the plaintiff pleaded guilty to two counts of rape of a child, two counts of indecent assault and battery on a child under age fourteen, and two counts of incest, and was sentenced to a term of imprisonment of from eight to twelve years in State prison. In addition, he was placed on probation for a period of twelve years to be served concurrently with his direct sentence. These offenses were all committed against his daughter over the course of several months, until she was thirteen years of age. The plaintiff does not challenge the determination that he meets the definition of a convicted sex offender.

On or about May 15, 2008, the plaintiff received notice from the board informing him that he had been classified, preliminarily, as a level three (high risk) sex offender, and ordering him to register. The plaintiff timely filed a request for a de novo hearing to challenge the board's recommended classification.[1] See G. L. c. 6, § 178L(1)(*c*). On November 20, 2008, the de novo hearing was conducted before hearing examiner Tyson Lynch. On January 8, 2009, after consideration, the hearing examiner issued his decision that classified and ordered the plaintiff to register as a level three sex offender. On January 22, 2009, the plaintiff timely filed a complaint for judicial review pursuant to G. L. c. 30A, § 14, and G. L. c. 6, § 178M, in the Superior Court, challenging the hearing examiner's final classification

---

[1]Prior to the de novo hearing, the plaintiff filed his first motion for funds to hire an expert, which was denied by the hearing examiner on the basis that funds need only be awarded in the event that the board chose to present expert evidence. The examiner's decision issued before the Supreme Judicial Court's decision in *Doe, Sex Offender Registry Bd. No. 89230* v. *Sex Offender Registry Bd.*, 452 Mass. 764 (2008).

determination. The board answered by filing its administrative record.

A hearing was conducted in the Superior Court to consider the plaintiff's motion for judgment on the pleadings, filed on September 9, 2009, and the board's opposition thereto. On June 30, 2010, the judge (first judge) allowed in part the plaintiff's motion for judgment on the pleadings and remanded the matter to the board for reconsideration of whether the plaintiff should be granted funds to retain an expert witness. See *Doe, Sex Offender Registry Bd. No. 89230* v. *Sex Offender Registry Bd.*, 452 Mass. 764, 768-776 (2008). Subsequent to the remand, a successor hearing examiner (successor examiner) was appointed, pursuant to 803 Code Mass. Regs. § 1.22(4) (2002), as the previous hearing examiner was "unavailable." The successor examiner denied the plaintiff's second motion for funds as lacking specificity. See note 5, *infra.*

A hearing was then held by a second Superior Court judge (second judge) to consider the plaintiff's second motion for judgment on the pleadings, which was opposed by the board. By a decision dated July 27, 2011, the second judge affirmed the board's final level three classification and the denial of the plaintiff's second request for expert funds. The plaintiff filed a notice of appeal from this decision. However, a motion to stay appellate proceedings was allowed in order for the plaintiff to file, in the Superior Court, a motion to vacate the denial of his second motion for judgment on the pleadings based on newly discovered evidence of the bias of the original hearing examiner. Opposed by the board, this motion was then considered and denied by the first judge after reviewing the entire administrative record for a second time and "upon careful review." The plaintiff appealed.

2. *Bias of hearing examiner.* It is undisputed that the hearing examiner posted comments on a public "Facebook" social networking page, over an approximately six-month span of time during which the plaintiff's hearing was held, the hearing examiner issued his decision, and the plaintiff filed his complaint for judicial review. The hearing examiner's comments, certainly when viewed cumulatively, clearly reference his work as a hearing

examiner and are unquestionably inappropriate, unprofessional, troubling, and suggestive of a prejudicial predisposition.[2]

The plaintiff contends, therefore, that he has been denied due process. As the Supreme Judicial Court stated in *Doe, Sex Offender Registry Bd. No. 3844* v. *Sex Offender Registry Bd.*, 447 Mass. 768, 775-776 (2006):

[2]Among comments attributed to the hearing examiner that appeared on his Facebook account between October, 2008, and April, 2009, are the following:

a. "it's always awkward when I see one of my pervs in the parking lot after a hearing";

b. he (the hearing examiner) "likes taking motions under advisement, but gets greater satisfaction denying them";

c. on November 20, 2008, the day of the plaintiff's hearing, the following comment was posted during working hours: "it's always a mistake when people testify, because they get destroyed in cross examination";

d. on that same day, the day of the plaintiff's hearing, the hearing examiner also posted the following (apparently with reference to a different sex offender): he (the examiner) "hopes this guy doesn't show up!!" which was followed up with "Tyson Lynch says yay!! He didn't show up!";

e. he "thinks his agency has been the subject of too many news exposes should seek alt career plans?";

f. he "can't trust someone who drafts a letter in arial font!";

g. he "thinks attorneys should know that arial font is not appropriate for motions," followed up with "I might be biased. I think arial is inappropriate for most things";

h. he "hates silly motions";

i. he "had to lay some smack down on some crazy attorney!!";

j. he "is at the longest hearing ever!!!";

k. the entry above was followed by: he "just sat through a 2.5 hour direct examination! Hearings generally last an hour";

l. he "is off to jail for the day! Let's hope he doesn't get shanked";

m. the above comment was followed up with "[he] wasn't stabbed while he was in jail, but with the lax security, I'm surprised it didn't happen";

n. "well, they have the convicts cutting down trees, so it might be safer in my car";

o. "I have a police report written entirely in Spanish!!!"; and

p. he "hates the word 'lascivious.' "

"In the context of sex offender registration, an offender's liberty and privacy interests are constitutionally protected, and deprivation of these interests generally requires procedural due process.

". . .

"[T]he plaintiff's interests must, with appropriate safeguards, be weighed against the board's interest in protecting the public. . . . [A]ppropriate and adequate safeguards are included in the classification regulations that allow the offender to have a hearing before an impartial hearing examiner for an individualized determination . . . ."

As the court noted, *id.* at 772, the board's own regulations allow an offender to request a de novo hearing, "at which all relevant evidence is evaluated anew by a disinterested Hearing Examiner." 803 Code Mass. Regs. § 1.01 (2004).

This procedural safeguard, an individual's right to an impartial adjudication of his claim or any action brought against him, is in keeping with art. 29 of the Massachusetts Declaration of Rights, which "extends beyond judges 'to all persons authorized to decide the rights of litigants.' " *Police Commr. of Boston* v. *Municipal Ct. of the W. Roxbury Dist.*, 368 Mass. 501, 507 (1975), quoting from *Beauregard* v. *Dailey*, 294 Mass. 315, 324 (1936). The Supreme Judicial Court has also made clear that hearing officers, like judges, are held to "high standards [which] are reflective of the constitutional rights of litigants to a fair hearing, as established in art. 29 of the Declaration of Rights of the Constitution of this Commonwealth, viz.: '. . . It is the right of every citizen to be tried by judges as free, impartial and independent as the lot of humanity will admit.' " *Police Commr. of Boston* v. *Municipal Ct. of the W. Roxbury Dist.*, *supra.* Moreover, as this court recently stated: "actual impartiality alone is not enough. Our decisions and those of the Supreme Judicial Court have commented often and in a variety of contexts on the importance of maintaining not only fairness but also the appearance of fairness in every judicial proceeding. In order to preserve and protect the integrity of the judiciary and the judicial process, and the necessary public confidence in both, even the appearance of partiality must be avoided." *Commonwealth* v.

*Morgan RV Resorts, LLC, ante* 1, 9 (2013) (quotation and citation omitted).

Thus, an individual who is subject to an adjudicative determination that he must register as a sex offender is entitled to an administrative proceeding where there is no significant doubt whether the impartiality of the hearing examiner has been compromised. The judge who considered the plaintiff's motion to vacate, based on hearing examiner bias, determined that the petitioner received a fair hearing because no evidence of bias particularly directed to the plaintiff was apparent in the decision. However, such a review does not probe deeply enough. In *Police Commissioner of Boston* v. *Municipal Ct. of the W. Roxbury Dist., supra,* the court considered a challenge to the impartiality of a Civil Service Commission hearing officer who, the plaintiff employee claimed, was not a disinterested person, as mandated by the governing statute. In affirming the decision of a lower court that the hearing officer was not impartial and should have disqualified himself, the court stated, significant here, that "there is no showing that the hearing was unfairly conducted, or that [the hearing officer] demonstrated bias in his findings, but those aspects are of course not controlling in light of the judge's conclusion that [the hearing officer] should not have presided at the hearing." *Id.* at 508-509. Thus, in this case, even if we accept the board's argument that there is no evidence of bias within the four corners of the hearing examiner's decision, this fact does not necessitate a conclusion that the hearing was fair. Moreover, unlike the cases of *Raymond* v. *Board of Registration in Med.,* 387 Mass. 708, 717 (1982), and *D'Amour* v. *Board of Registration in Dentistry,* 409 Mass. 572, 581 (1991), the hearing examiner in question here was the adjudicator in the plaintiff's classification hearing, and the examiner's decision amounted to the board's final decision.[3]

We have significant doubt whether the plaintiff received a

---

[3]The *Raymond* court held that the plaintiff was not denied constitutional or statutory rights where a member of the board made potentially biased statements before a hearing but there was no evidence that this person was a member of the board at the time of the hearing or that he or she participated in the decision. *Raymond* v. *Board of Registration in Med.,* 387 Mass. at 717 & n.6. Likewise, the *D'Amour* court upheld an agency decision, despite a potentially biased statement made by a board member at a hearing, concluding

hearing conducted by a fair, unbiased, and impartial hearing examiner.[4] Consequently, the plaintiff has met his burden of proof with respect to due process violations caused by the hearing.

3. *Conclusion.* So much of the judgment as affirms the denial of the request for expert funds is affirmed.[5] In all other respects, the judgment is vacated and a new portion of the judgment is to

that "there was no due process violation since [the board member] did not act as the hearing officer, and also recused himself from any deliberations by the board." *D'Amour* v. *Board of Registration in Dentistry,* 409 Mass. at 581.

[4]The panel was informed during oral argument that the hearing examiner is no longer in the employ of the board. Counsel for the board also advised the panel that many, if not all, of the classifications directed by hearing examiner Lynch during the relevant time period, other than that of the plaintiff in the present appeal, have been returned to the board for a new hearing before a different examiner, either by order of the Superior Court or by agreement of the board.

[5]Upon remand by the first judge, the plaintiff's motion for funds was denied by the successor examiner, whose decision reflects appropriate consideration of the plaintiff's motion, anew, pursuant to *Doe, Sex Offender Registry Bd. No. 89230* v. *Sex Offender Registry Bd.,* 452 Mass. at 768-776.

The plaintiff's first contention, specifically rejected by the successor examiner, is that an expert is needed for evaluation of the effect of his alleged "hallucinations." The successor examiner did not abuse her discretion in declining to credit the plaintiff's assertion that he had suffered from hallucinations in the past. She therefore treated his request as a "general motion for funds," and properly denied the motion based on the plaintiff's failure to "identify and articulate the reason or reasons, connected to a condition or circumstance special to him, that he needs to retain a particular type of expert." *Id.* at 775.

As to expert funds regarding recidivism rates based on age, the plaintiff waived this issue on appeal because he failed to assert it in either motion for expert funds. See *Smith* v. *Sex Offender Registry Bd.,* 65 Mass. App. Ct. 803, 810 (2006) (citation omitted) ("arguments are waived if they could have been raised, but were not, before the administrative agency"). We also observe that, so far as appears in the record, the argument was not raised in the Superior Court on c. 30A review.

In any event, it would not appear that an expert is needed to put this issue before the hearing examiner on remand. See, e.g., *Doe, Sex Offender Registry Bd. No. 151564* v. *Sex Offender Registry Bd.,* 456 Mass. 612, 622-623 (2010) (although the plaintiff was denied expert funds, he was able to introduce in evidence studies correlating recidivism rates with age). Therefore, while we also conclude that, apart from the issue of bias, the decision on which this appeal was based appears to have the support of substantial evidence, we intend no suggestion as to any outcome following further proceedings in this matter since at any new hearing, the plaintiff will not be foreclosed from introducing evidence of, inter alia, the relationship between age and recidivism, and yet at least another five years will have passed since his last hearing.

enter vacating the decision of the Sex Offender Registry Board and remanding the matter to the board for a new classification hearing in accordance with this opinion. The order denying the motion to vacate the judgment is reversed.

*So ordered.*