NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-784

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 34664

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment upholding his classification as a level two sex offender.  He claims two errors:  (1) the hearing examiner improperly denied funds for an expert, and (2) the Sex Offender Registry Board (board) failed to prove that he currently poses a moderate risk to reoffend.  We affirm.

Discussion.  1.  Denial of motion for funds.  When moving for expert witness funds, the sex offender bears the burden of identifying and articulating "the reason or reasons, connected to a condition or circumstance special to him, that he needs to retain a particular type of expert."  Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 775 (2008) (Doe No. 89230).  "A general motion for funds to retain an expert to provide an opinion on the sex offender's risk of

reoffense, without more, would appear to be insufficient." Id. "[T]he decision whether to grant an individual sex offender funds for an expert is a discretionary one, to be based on the facts presented in an individual case." Id. "We review the examiner's decision to deny a motion for expert funds for an abuse of discretion." Doe, Sex Offender Registry Bd. No. 58574 v. Sex Offender Registry Bd., 98 Mass. App. Ct. 307, 310 (2020) (Doe No. 58574).

We discern no such abuse of discretion here. Although, in his motion, the plaintiff claimed that "[m]edical records" indicate that he suffers from "PTSD, major depression, anxiety, and agoraphobia," the plaintiff never produced medical records or any other proof indicating a diagnosis of these conditions. In an affidavit, the plaintiff's anticipated expert psychologist noted the plaintiff's "history of [] PTSD, major depression, anxiety, and agoraphobia and other current health issues" and indicated a need to interview the plaintiff, administer tests, and review "medical/psychological history"; however, the expert did not offer a diagnosis. Nor did the medical record the plaintiff submitted relating to back pain or the letter from a social worker referencing therapy amount to a mental health diagnosis. While the plaintiff's own affidavit alleged that he had been receiving social security income since 2015 for the above-listed maladies and has attended therapy since 2013, the

2

hearing examiner was permitted to make his own assessments of the weight of that evidence.  See Doe, Sex Offender Registry Bd., No 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 138-139 (2019) (Doe No. 23656) (in context of hearing examiner's classification determination).  In sum, the materials submitted by the plaintiff did not require the hearing examiner to conclude "that he had in fact been diagnosed" with a mental health condition.  Doe, Sex Offender Registry Bd. No. 339940 v. Sex Offender Registry Bd., 488 Mass. 15, 29 (2021).  See Doe, Sex Offender Registry Bd. No. 29481 v. Sex Offender Registry Bd., 84 Mass. App. Ct. 537, 543 n.5 (2013) (motion for funds properly denied where plaintiff "alleged 'hallucinations'").  Contrast Doe No. 58574, supra at 311 (motion for funds improperly denied where evidence included diagnosis of chronic hepatitis C and physician report detailing symptoms and treatment).  Absent such evidence (or, at least, evidence credited by the hearing examiner) the plaintiff's argument that an "expert is necessary in this case to interpret the medical records and perform testing"[1] fell flat.  The hearing examiner did not abuse his discretion in concluding that the request amounted to a "general motion for funds" that did not meet the

---

[1] The plaintiff argued that scientific studies have found depression "is negatively, if at all, related" to "violent recidivism" among individuals under psychiatric care.

standard under Doe No. 89230, supra at 775, or 803 Code Mass. Regs. § 1.16 (2016).

2. Substantial evidence. The plaintiff next claims that the evidence failed to show that he posed a moderate risk to reoffend. The board "is constitutionally required to prove the appropriateness of an offender's risk classification by clear and convincing evidence." Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender Registry Bd., 473 Mass. 297, 298 (2015) (Doe No. 380316). "To determine the validity of an agency's decision, the reviewing court must determine whether the decision is supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015), quoting Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006). In reviewing the board's decision, a court will "give due weight to [its] experience, technical competence, and specialized knowledge." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019), quoting Doe, Sex Offender Registry Bd. No. 205614 v. Sex Offender Registry Bd., 466 Mass. 594, 602 (2013). "We review a judge's consideration of an agency decision de novo." Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 89 (2019). Based upon these standards, we discern no error.

The hearing examiner thoroughly considered the relevant aggravating factors relative to the risk to reoffend: the plaintiff attacked strangers (factor 7 -- relationship between the offender and the victim); he used knives in the attacks (factor 8 -- use of weapons, violence, or infliction of bodily injury); and he attacked two women (factor 22 -- number of victims). These conclusions were amply supported by the evidence shown by his record of convictions and two police reports that detailed two events occurring just six weeks apart. In each instance, the plaintiff lured vulnerable women to his apartment under the pretext of helping them. As to the first victim, he produced an eight-inch knife, prevented her from leaving, and raped her numerous times throughout the night. As to the second victim, he brandished a butcher knife, put it to her face, and threatened her during a sexual assault. This substantial evidence spoke directly to the risk to reoffend as identified in governing regulations, 803 Code Mass. Regs. §§ 1.33(7)(a)(3), 1.33(8)(a), and 1.33(22)(a) (2016), and provided "clear and convincing" proof of the level two classification. Doe No. 380316, supra at 298.

For the first time, the plaintiff claims the examiner erred by assigning moderate weight to risk-elevating factor 10, requiring the examiner to consider the plaintiff's prior contact with the criminal justice system. He argues that assigning

5

weight to older, "minor" offenses (distinct from the sex offenses) "seems like a stretch."  This claim was not raised below and "is waived."  Doe, Sex Offender Registry Bd. No. 203108 v. Sex Offender Registry Bd., 87 Mass. App. Ct. 313, 320-321 (2015).  Even if considered, the claim fails.  His record shows three arraignment dates from 1990 to 1993.  Two arraignments involved possession of cocaine (nol prossed) and the remainder involved operating after license suspension, operating after revoked registration, compulsory insurance violation, and attaching registration plates (ultimately dismissed following a continuance without a finding).  "[F]actor 10 is not limited to . . . a particular time frame; . . . [and] does not confine the examiner to consider only convictions." Doe, Sex Offender Registry Bd. No. 390261 v. Sex Offender Registry Bd., 98 Mass. App. Ct. 219, 226 (2020).  The examiner considered the vintage of the contact and balanced it against the mitigating factor that the plaintiff most recently lived offense-free for eight years in the community (factor 29).  We discern no error.

Contrary to the plaintiff's other contention, the hearing examiner did not employ a perfunctory "checklist" approach. Instead, the examiner appropriately evaluated the qualitative weight of the above factors, rejected the aggravating factor of substance use, and considered several factors in mitigation.  In

6

particular, the examiner found the following current factors in mitigation: the plaintiff lived for eight offense-free years in the community (factor 29 -- offense free time in the community); the plaintiff was fifty-six years old (factor 30 -- advanced age); the plaintiff suffered physical limitations (factor 31 -- physical condition); the plaintiff participated in, but did not complete, treatment (factor 32 -- sex offender treatment); the plaintiff lived in a positive and supportive home environment (factor 33 -- home situation and support systems); and the plaintiff remained financially stable with housing (factor 34 -- stability in the community). Giving "due weight to the experience, technical competence, and specialized knowledge of the [hearing examiner]," G. L. c. 30A, § 14 (7), we conclude that the classification decision here was "based on a sound exercise of informed discretion rather than the mechanical application of a checklist or some other reflex" (quotation and

citation omitted).  <u>Doe, Sex Offender Registry Bd. No. 11204</u> v.

<u>Sex Offender Registry Bd</u>., 97 Mass. App. Ct. 564, 574 (2020).

<u>Judgment affirmed</u>.

By the Court (Green, C.J.,
Hand & Hodgens, JJ.[2]),

<em>Paul Little</em>

Assistant Clerk

Entered:  March 13, 2024.

---

[2] The panelists are listed in order of seniority.