NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1273

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 22661

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals a judgment of the Superior Court affirming the decision of the Sex Offender Registry Board (SORB) to classify him as a level three sex offender. Concluding that the hearing examiner abused her discretion in denying Doe's motion for expert funds, we vacate the judgment affirming SORB's decision, and remand the matter to SORB for further proceedings consistent with this memorandum and order.

Background.  The facts of Doe's underlying sex offenses are well known to the parties and will be repeated here only as necessary.

In March 2012, SORB notified Doe of its recommendation that he be classified as a level three sex offender.  Doe requested a

hearing to challenge SORB's recommendation.  Before the hearing, Doe moved for funds to retain an expert, averring that he required an expert to assess his risk of sexual recidivism because "[o]nly an expert who examines [Doe] would be able to assess the current risk of re-offense and degree of dangerousness that [he] poses now that he has been successfully treated for his mental illness."  In May 2021, a hearing examiner conducted a de novo hearing to review the SORB's decision.  In July 2021, the hearing examiner issued a decision finding that Doe's level three classification was supported by clear and convincing evidence.  Along with the decision, the hearing examiner denied Doe's motion for expert funds.  The hearing examiner "note[d] that one therapist did tie [Doe's] psychological issues directly to his offending."  In denying Doe's motion, however, the hearing examiner reasoned that "[g]iven the plethora of information regarding [Doe's] mental health in the record, I find another assessment to be neither necessary nor likely helpful," and thus, even if an expert were to conclude Doe has resolved his mental health issues and "is resultantly at lower or no risk of reoffense, this would not be dispositive."

Doe appealed the decision to the Superior Court, which affirmed the level three classification and the denial of Doe's motion for expert funds.  This appeal followed.

Discussion.  When moving for expert witness funds, the sex offender has the burden of showing a need for expert testimony on an issue that (1) "is particular to him," (2) "is not a matter of common knowledge or experience," and (3) "clearly [has] a bearing on [his] classification."  Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 775 (2008) (Doe No. 89230).  "[T]he decision whether to grant an individual sex offender funds for an expert is a discretionary one, to be based on the facts presented in an individual case."  Id.  "We review the examiner's decision to deny a motion for expert funds for an abuse of discretion."  Doe, Sex Offender Registry Bd. No. 58574 v. Sex Offender Registry Bd., 98 Mass. App. Ct. 307, 310 (2020) (Doe No. 58574).

Here, the hearing examiner's denial of expert funds was an abuse of discretion.  Doe met his burden of showing a need for expert testimony.  First, Doe's motion was "not a generic motion for funds," but was "tailored to the specifics of [his mental illnesses]."  Doe No. 58574, 98 Mass. App. Ct. at 311.  In support of his motion, Doe submitted a letter from a mental

3

health clinician[1] (Hambridge letter), which discussed the impact of Doe's mental illnesses on his potential for reoffense. The Hambridge letter stated, "there appears to be a correlation between [Doe's] own history of trauma as a child and lack of appropriate treatment during crucial periods of his development, which likely resulted in a reliance on problematic sexual behaviors," and concluded that "[Doe's] risk of re-offense has lowered." Through this letter, which also discussed Doe's past triggers, offending behavior, and treatment, Doe sufficiently raised an issue particular to him. See id. at 311-312 (motion for funds improperly denied where evidence included physician report detailing Doe's hepatitis C symptoms and treatment). Contrast Doe, Sex Offender Registry Bd. No. 29481 v. Sex Offender Registry Bd., 84 Mass. App. Ct. 537, 543 n.5 (2013) (motion for funds to evaluate Doe's alleged hallucinations properly denied where examiner did not credit Doe's claims to have suffered from hallucinations).

Second, the relationship between Doe's mental illnesses, which includes diagnoses of both borderline personality disorder

---

[1] Kristen Hambridge, LICSW, CST, is the former unit director of a residential treatment unit at the Massachusetts Treatment Center. As of the time of her evaluation, Hambridge owned and operated a private clinical practice in which she provided therapy related to "sexual health issues; in particular, sexual offending behaviors and sexual deviant interests."

and posttraumatic stress disorder, and his risk of recidivism is not a matter of common knowledge or experience. See Doe No. 89230, 452 Mass. at 775-776 (relationship between bipolar disorder and recidivism risk not matter of common knowledge or experience). To this point, an expert opinion is necessary because "[t]he DSM-IV itself cautions against the use of its diagnostic criteria and descriptions by individuals who are not clinically trained." Id. at 776.

Third, expert testimony would help the hearing examiner determine the relationship between Doe's mental illnesses and his risk of reoffense by examining whether Doe's offenses were a result of his untreated trauma and mental illnesses or his pursuit of sexual gratification.[2]

It is undisputed that Doe has a significant mental health history. Specifically, the record includes reference to a

_____

[2] On this point, the hearing examiner concluded that an expert would be duplicative of the evidence of Doe's mental health history already in the record and thus not helpful in the classification determination. However, the proposed expert testimony would bear on the hearing examiner's consideration of factor 35 (psychological or psychiatric profiles indicating risk to reoffend), which instructs the examiner to "consider evaluative reports, empirically-based risk assessment instruments, or testimony from a licensed mental health professional that discuss psychological and psychiatric issues . . . as they related to the offender's risk of reoffense" (emphasis added). 803 Code Mass. Regs. § 1.33(35) (2016). The Hambridge letter implicates factor 35.

5

competency evaluation dated March 1983, which observed that "[Doe] did not suffer from a major mental illness," but that "he had a severe personality disorder . . . characterized by impulsivity, potentially self-damaging or other destructive behavior, substance abuse, and lack of control and anger." Doe was also evaluated in May 1997, when a doctor noted, "[Doe] suffers from features of Post Traumatic Stress Disorder with intrusive memories, auditory hallucination, and apparent disassociated episodes." There is no recent medical evidence in the record, however, that examines the relationship between Doe's mental illness and sexual offenses. See Doe, Sex Offender Registry Bd. No. 3839 v. Sex Offender Registry Bd., 472 Mass. 492, 501 (2015) (final classification must be based on evaluation of offender's risk of reoffense at time reasonably close to date of discharge). Expert testimony would be relevant to Doe's classification decision and is necessary to address not only the potential existence of a nexus between Doe's mental illnesses and sex offenses, which the Hambridge letter briefly addresses, but the specific risk of reoffense and level of dangerousness Doe currently poses.[3]

---

[3] Doe further argues that without an expert in this case, SORB cannot demonstrate that its classification decision is supported by clear and convincing evidence. Because we have concluded Doe is entitled to an expert and new hearing, we need not reach this question.

Conclusion.  Because the hearing examiner abused her discretion in denying Doe's motion for expert funds, the Superior Court's judgment affirming SORB's classification decision is vacated.  A new judgment shall enter vacating SORB's decision and remanding the matter to SORB for further proceedings consistent with this memorandum and order.

So ordered.

By the Court (Rubin, Hand & Smyth, JJ.[4]),

Clerk

Entered:  July 8, 2025.

---

[4] The panelists are listed in order of seniority.