BOBBY JOE LEASTER vs. COMMONWEALTH
(and two companion cases[1]).

Suffolk.   October 5, 1981. — March 11, 1982.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Criminal*, Postconviction relief, Appeal, Capital case.

A defendant convicted of murder and denied postconviction relief in
the Superior Court under Mass. R. Crim. P. 30, 378 Mass. 900 (1979),
who is subsequently denied leave to appeal by a single justice of this
court pursuant to G. L. c. 278, § 33E, cannot appeal the decision of
the single justice to the full court as a matter of right. [548-550]

MOTION for postconviction relief filed in the Superior
Court Department on April 22, 1980.

An application for leave to appeal was heard by *Brau-
cher*, J., in the Supreme Judicial Court for the county of
Suffolk.

MOTION for postconviction relief filed in the Superior
Court Department on June 25, 1980.

An application for leave to appeal was heard by *Wil-
kins*, J., in the Supreme Judicial Court for the county of
Suffolk.

MOTION for postconviction relief filed in the Superior
Court Department on August 8, 1980.

An application for leave to appeal was heard by *Kap-
lan*, J., in the Supreme Judicial Court for the county of Suf-
folk.

*Michael J. Traft*, Assistant District Attorney, for the
Commonwealth.

*Robert F. Muse* for Bobby Joe Leaster.

---

[1] Leonard Lacy *vs.* Commonwealth; George P. McLaughlin *vs.* Com-
monwealth.

*Benjamin Hiller* for Leonard Lacy.

*Lois M. Lewis* for George P. McLaughlin.

HENNESSEY, C.J. In each of these three cases the petitioner, who is serving a life sentence for murder in the first degree, sought postconviction relief for asserted error in his conviction by filing in the Superior Court a motion under Mass. R. Crim. P. 30, 378 Mass. 900 (1979).[2] In each case a Superior Court judge denied the motion after hearing. Subsequently each petitioner sought to appeal the Superior Court ruling by leave of a single justice of this court, as required by G. L. c. 278, § 33E.[3] In each case leave to appeal was denied by the single justice and the petitioner claimed an appeal to the full court from the denial. The Commonwealth moved before the full court to dismiss these appeals, and these motions to dismiss are now before us.

The Commonwealth argues that the unequivocal words of § 33E require these dismissals. We agree. The special function of the single justice mandated by the statute would be futile and meaningless if his or her rulings were subject to appeal before the full court.

Despite our conclusion that the Commonwealth's motion to dismiss these appeals must be allowed, we recognize the

---

[2] The relevant portion of rule 30 reads as follows:

"(a) Unlawful Restraint. Whoever is imprisoned or restrained of his liberty pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving upon the ground that his confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth.

"(b) New Trial. The trial judge upon motion in writing may grant a new trial at any time if it appears that justice may not have been done. Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law."

[3] The relevant portion of § 33E reads as follows: "If any motion [in a capital case] is filed in the superior court after rescript, no appeal shall lie from the decision of that court upon such motion unless the appeal is allowed by a single justice of the supreme judicial court on the ground that it presents a new and substantial question which ought to be determined by the full court."

weight of certain arguments of the petitioners. Rule 30 was adopted in 1979 as the exclusive vehicle for postconviction relief. Simultaneously, through the cooperation of the Legislature, statutory provisions for postconviction relief by means of writ of error were repealed. See former statute G. L. c. 250, §§ 1, 2, 9, 10, 11, and 12 (repealed by St. 1979, c. 344, § 13). The petitioners observe that the statutory repeal eliminated substantial privileges of post-conviction full court review, as a matter of right, which had been available for many decades to persons convicted of first degree murder as well as lesser crimes. The petitioners also argue the incongruity that, by reason of the combined effect of rule 30 and § 33E, appellate review by the full court of Superior Court rulings on postconviction motions are available, without leave from a single justice, as to all criminal convictions *except the most serious (murder in the first degree).*

Against these arguments of the petitioners stand the compelling facts that the murder convictions of these three petitioners, like all first degree murder convictions appealed to us, have received not only the direct appellate review available in all criminal matters but also have received the plenary review under § 33E, which is designed to avoid miscarriage of justice and which is peculiarly available in first degree murder cases. *Commonwealth* v. *Leaster*, 362 Mass. 407 (1972). *Commonwealth* v. *Lacy*, 371 Mass. 363 (1976). *Commonwealth* v. *McLaughlin*, 352 Mass. 218, cert. denied, *McLaughlin* v. *Massachusetts*, 389 U.S. 916 (1967). This logical underpinning is a refutation, if such is needed, of the argument that the Legislature could not have intended, despite the unequivocal language of § 33E, inhibition of postconviction relief in first degree murder cases. Further, review should not be afforded by the full court through our powers under G. L. c. 211, § 3, since we deal here with matters in which the Legislature has expressly limited such review. Contrast *Commonwealth* v. *Dunigan*, 384 Mass. 1, 4 (1981). We also observe that a number of other jurisdictions have similar "gatekeeper" restrictions on

postconviction relief in criminal matters. See, e.g., Conn. Gen. Stat. Ann. § 52-470 (West Supp. 1981); Ga. Code Ann. § 50-127(11) (Supp. 1981); Maine Rev. Stat. Ann. tit. 15, § 2131 (Supp. 1981).

We have every confidence that the single justices in all such cases will allow access to the full court in meaningful matters and, similarly, will bar further proceedings in matters which do not meet the "new and substantial" test of § 33E.

*Appeals dismissed.*