COMMONWEALTH *vs.* PAUL GUNTER. April 9, 2010. *Practice, Criminal,* Capital case, Postconviction relief, Appeal.

Paul Gunter was convicted of murder in the first degree on a theory of felony-murder, in violation of G. L. c. 265, § 1; armed assault in a dwelling with intent to commit a felony, in violation of G. L. c. 265, § 18A; and illegal possession of a firearm, in violation of G. L. c. 269, § 10 (*a*). This court affirmed the felony-murder and illegal possession of a firearm convictions but vacated the armed assault conviction on the basis that it merged into the felony-murder conviction and was thus duplicative. *Commonwealth* v. *Gunter*, 427 Mass. 259, 260-261 (1998). In reaching that conclusion, we determined that the armed assault of the homicide victim was not sufficiently independent of his murder. *Id.* at 275. We also determined, however, that the Commonwealth had presented sufficient evidence of assaults of three bystanders that supported the felony-murder conviction, and therefore we concluded that there was no substantial likelihood of a miscarriage of justice. *Id.*

After Gunter's petition for rehearing was denied, he sought habeas corpus relief in the Federal courts, ultimately to no avail. He then filed a motion for a new trial in the Superior Court, arguing that he had received ineffective assistance of counsel at trial and in his direct appeal. The motion was denied, and Gunter thereafter filed an application in the county court for leave to appeal from that denial, pursuant to G. L. c. 278, § 33E. A single justice denied his application, and Gunter now appeals to the full court from that ruling.

Gunter recognizes the well-settled principle that the decision of a single justice, acting as a gatekeeper pursuant to G. L. c. 278, § 33E, is final and unreviewable. See *Dickerson* v. *Attorney Gen.*, 396 Mass. 740, 742 (1986); *Leaster* v. *Commonwealth*, 385 Mass. 547, 548 (1982). The decision of a single justice denying a defendant's application for leave to appeal from the denial of a motion for a new trial under the provisions of G. L. c. 278, § 33E, is not subject to review under G. L. c. 211, § 3, see *Leaster* v. *Commonwealth*, *supra* at 549, or to collateral attack. See *Napolitano* v. *Attorney Gen.*, 432 Mass. 240, 241 (2000). Gunter argues, however, that application of these basic principles in his circumstances would result in a deprivation of due process and equal protection. He claims that he received ineffective assistance of counsel because neither his trial nor his direct appellate counsel took steps to challenge the original basis for the felony-murder charge — the armed assault — or took steps to defend Gunter against the bystander assault theory of felony-murder. Significantly, he also claims that a jury should have been allowed to consider the bystander assault theory, and that his conviction of murder in the first degree has been affirmed on the basis of facts that no jury have ever found. The merger and bystander assault theory issues were not evident, in Gunter's view, until after this court's plenary review pursuant to G. L. c. 278, § 33E, and he thus claims that he had no opportunity to raise them before that point. Now, again in Gunter's view, he is being deprived of review of his ineffective assistance claims because his prior counsel provided ineffective assistance.

We are constrained to dismiss the appeal. The statute, G. L. c. 278, § 33E, permits review by this court of the defendant's claims if and only if the single justice as gatekeeper allows the claims to pass through. "The special function of the single justice mandated by the statute would be futile and meaningless if his or her rulings were subject to appeal before the full court." *Leaster* v. *Commonwealth, supra* at 548. Where, as here, a single justice has denied a gatekeeper application under G. L. c. 278, § 33E, the only remedy for the defendant in the State courts is to file a timely motion for reconsideration with the single justice. Gunter may pursue that option within thirty days of the issuance of the rescript in this case if he wishes.

"We [continue to] have every confidence that the single justices . . . will allow access to the full court in meaningful matters," *id.* at 550, and will screen out those that do not warrant the full court's attention under the "new and substantial" test. We are confident as well that single justices will examine with special care claims such as Gunter's, which allege that this court erred in its resolution of an issue that the court itself had raised on its own initiative. Unless and until the single justice determines that the claim is suitable for the full court (or reserves and reports that threshold question to the full court, see *Commonwealth* v. *Ambers,* 397 Mass. 705, 706, 707-710 [1986]), there can be no appeal.

*Appeal dismissed.*

*James M. Doyle* for the defendant.

*Kathleen Celio,* Assistant District Attorney, for the Commonwealth.