NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11832

COMMONWEALTH  vs.  ALFREDO COMPANONIO.[1]

July 6, 2015.

Practice, Criminal, Capital case, Postconviction relief, Appeal.


    The defendant was convicted in 1987 of murder in the first
degree.  In 2005, this court affirmed the conviction as well as
several trial court orders on postconviction
motions.  Commonwealth v. Companonio, 445 Mass. 39 (2005).  The
defendant has since filed additional motions in the trial court
seeking postconviction relief, all of which have been denied.
In December, 2014, a single justice of this court denied the
defendant's application for leave to appeal from the denial of
his most recent motion.  See G. L. c. 278, § 33E.  The single
justice concluded that the defendant's claims were not "new and
substantial" within the meaning of the statute.  The defendant
now purports to appeal to the full court from the single
justice's ruling.

    A defendant who is denied leave to appeal from a single
justice acting as a gatekeeper pursuant to the last sentence of
G. L. c. 278, § 33E, has no right to appeal from the single
justice's ruling denying leave.  The single justice's ruling is
"final and unreviewable."  See Commonwealth v. Gunter, 456 Mass.
1017, 1017 (2010), and cases cited.  It cannot be appealed to
the full court; it is not subject to review under G. L. c. 211,
§ 3; and it cannot be collaterally attacked.  Id.  We have
routinely rejected attempts by defendants to obtain full court
review of a single justice's ruling denying such leave to
appeal.  See, e.g., Commonwealth v. Nesbitt, 459 Mass. 1005

_____

    [1] As is our custom, we recite the defendant's name as it
first appears in the indictment.

(2011); Commonwealth v. Monteiro, 451 Mass. 1009 (2008); Commonwealth v. Niemic, 451 Mass. 1008 (2008); Commonwealth v. Freeman, 451 Mass. 1006 (2008); Commonwealth v. Scott, 437 Mass. 1008 (2002).  "The special function of the single justice mandated by the statute would be futile and meaningless if his or her rulings were subject to appeal before the full court."  Leaster v. Commonwealth, 385 Mass. 547, 548 (1982).

The defendant's reference in his notice of appeal to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), does not improve his position.  Rule 2:21 applies in cases where a single justice denies relief from a challenged interlocutory ruling of the trial court.  It does not apply here.  The denial of a postappeal motion for a new trial in a criminal case is not an interlocutory ruling.  Moreover, Rule 2:21, in instances where it does apply, "does not create a new right of appeal" where none otherwise existed.  McMenimen v. Passatempo, 452 Mass. 178, 190 & n.12 (2008).

Appeal dismissed.

The case was submitted on briefs.
Alfredo Companioni, pro se.
Robert C. Thompson, Assistant District Attorney, for the Commonwealth.