NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11700


COMMONWEALTH  vs.  LUIS FERNANDO RIVERA, JR.


October 29, 2015.


Practice, Criminal, Postconviction relief, Disqualification of
    judge.


     The defendant, Luis Fernando Rivera, Jr., was convicted on
two indictments charging murder in the first degree and one
indictment charging unlawful carrying of a firearm.  See
Commonwealth v. Rivera, 424 Mass. 266 (1997), cert. denied, 525
U.S. 934 (1998).  After we affirmed the convictions, a Superior
Court judge denied the defendant's motion for a new trial, and a
single justice of this court, on December 14, 2004, denied his
application for leave to appeal, pursuant to G. L. c. 278,
§ 33E.  In May, 2014, the defendant filed a motion in the county
court asking the same single justice to reconsider his 2004
ruling and, on reconsideration, to recuse himself and to assign
the matter to a different justice.  The single justice allowed
the motion to reconsider, denied the request for recusal, and,
on reconsideration, again denied the application for leave to
appeal.  The defendant appealed.

     In an unpublished order, we allowed this appeal to proceed
as to the recusal issue only.  We stated that it would be
incumbent on the defendant to demonstrate that his request for
recusal was timely, and that the single justice abused his
discretion in denying the request.[1]

_____

     [1] The order also stated:  "If Rivera prevails on appeal with
respect to the recusal issue, then the single justice's order on
the underlying application will need to be vacated and the
matter assigned to a different single justice.  If Rivera's
recusal argument fails on appeal, however, then his request for

Appealability of recusal ruling. A single justice's denial of an application for leave to appeal pursuant to the gatekeeper provision of G. L. c. 278, § 33E, is "final and unreviewable." See Commonwealth v. Companonio, 472 Mass. 1004, 1005 (2015), and cases cited ("It cannot be appealed to the full court; it is not subject to review under G. L. c. 211, § 3; and it cannot be collaterally attacked"). In very limited circumstances, however, involving certain types of motions that are ancillary to the gatekeeper application and "intended to enhance the likelihood that a single justice . . . , acting as gatekeeper, would allow [the defendant] to appeal from the denial . . . of his . . . motion for a new trial," we have allowed the single justice's rulings to be reviewed on appeal. Fuller v. Commonwealth, 419 Mass. 1002, 1003 (1994). See Parker v. Commonwealth, 448 Mass. 1021, 1023 n.3 (2007). The defendant's request that the single justice recuse himself is such a motion. If it were otherwise, a defendant whose application was denied by a single justice who ought to have been disqualified from ruling on the application would have no recourse. As in all matters, a defendant who applies for leave to appeal is entitled to a ruling from a fair and impartial judge. See S.J.C. Rule 1:22 (c), 458 Mass. 1301 (2010) ("Recusal rulings in single justice cases are, and will continue to be, reviewable in the regular course on appeal from any adverse final judgment in the single justice case").

Background. The basis for the defendant's disqualification claim is that, in 1993, the single justice, who was a Superior Court judge at that time, allowed a codefendant's motion to dismiss the indictments against him. The codefendant, Jose Pacheco, had testified as an eyewitness for the Commonwealth against the defendant at the defendant's trial. See Rivera, 424 Mass. at 267 n.2 (describing Pacheco's testimony that "he was an unwilling participant who drove the vehicle on pain of threat to his and his family's safety"). Subsequently, at a brief nonevidentiary hearing on Pacheco's motion to dismiss, the Commonwealth conceded that he had acted under duress when he

---

review by the full court of the single justice's order denying his application will need to be dismissed, under 'the well-settled principle that the decision of a single justice, acting as a gatekeeper pursuant to G. L. c. 278, § 33E, is final and unreviewable. See Dickerson v. Attorney Gen., 396 Mass. 740, 742 (1986); Leaster v. Commonwealth, 385 Mass. 547, 548 (1982).' Commonwealth v. Gunter, 456 Mass. 1017, 1017 (2010)."

participated in the murders, which was consistent with its position at the defendant's trial.  Concluding that duress was a defense to murder -- under the law as it was at that time[2] -- the single justice dismissed the indictments against Pacheco on the ground that the Commonwealth would be unable to disprove duress at trial.[3]

Years later, in 2003, the defendant moved for a new trial in the Superior Court, claiming that Pacheco had recanted his testimony and now denied being an eyewitness to the murders. The defendant also alleged errors in the instructions on reasonable doubt and ineffective assistance of counsel.  The judge who presided over the defendant's trial (not the single justice) denied the motion without an evidentiary hearing, stating that he had a "fairly clear memory" of the testimony and that he did not believe Pacheco's alleged recantation.  The defendant then applied in the county court for leave to appeal from that ruling, pursuant to G. L. c. 278, § 33E.  The single justice denied the defendant's gatekeeper application in 2004. In 2014, the defendant moved for reconsideration of the single justice's ruling, raising for the first time his claim that the single justice ought to have recused himself because of his ruling, as a Superior Court judge, allowing Pacheco's motion to dismiss in 1993.

Discussion.  A judge's decision not to recuse himself is reviewable for abuse of discretion.  See Haddad v. Gonzalez, 410 Mass. 855, 862 (1991).  When presented with "a question of his capacity to rule fairly, the judge [must] consult first his own emotions and conscience."  Lena v. Commonwealth, 369 Mass. 571, 575 (1976).  Implicit in the single justice's ruling in this case is that he was satisfied that he could act "fairly and impartially."  Haddad, supra at 862.  See King v. Grace, 293 Mass. 244, 247 (1936).  In addition, a judge must "attempt an objective appraisal of whether this was a proceeding in which 'his impartiality might reasonably be questioned.'"  Haddad,

_____

[2] The law has since changed.  See Commonwealth v. Vasquez, 462 Mass. 827, 835 (2012) (reviewing cases and rejecting duress as defense to murder).

[3] The issue before the single justice at that time was not Jose Pacheco's credibility, but rather legal principles of judicial estoppel and duress as a defense to murder.  See Choy v. Commonwealth, 456 Mass. 146, 154 n.12, cert. denied, 562 U.S. 986 (2010).

supra, quoting S.J.C. Rule 3:09, Canon 3 (C) (1) (a), 386 Mass. 811 (1981).  In this case, the defendant contends that because the single justice, as a Superior Court judge in 1993, had dismissed indictments against Pacheco, the single justice's impartiality in ruling on the defendant's gatekeeper application in 2004 could be questioned.  We disagree.

The single justice, in the case against Pacheco in the Superior Court, made neither credibility determinations nor factual findings.  His order was based on a legal ruling that the Commonwealth was estopped from denying Pacheco's claim that he acted under duress -- because it consistently had supported that testimony during the prosecution of the defendant (and other codefendants) -- and his ruling that duress was a defense to murder.  As the single justice in the defendant's case in 2004, he was not called on to review his 1993 order or the legal principles on which it was based.[4]  Information acquired by a judge in his or her judicial role in earlier proceedings, as opposed to from some extrajudicial source, "weighs heavily in favor of the judge's decision not to disqualify himself." Haddad, 410 Mass. at 863, quoting Commonwealth v. Dane Entertainment Servs., 18 Mass. App. Ct. 446, 450 (1984).  See

---

[4] The defendant relies in part on Rice v. McKenzie, 581 F.2d 1114 (4th Cir. 1978), in which the United States Court of Appeals for the Fourth Circuit held that a Federal District Court judge was disqualified from ruling on a habeas corpus case brought by the defendant in the Federal court, because, as a member of the State supreme court, the judge had participated in the adjudication of the same claims brought by the defendant in State court.  That situation is distinguishable from what we have here.  In this case the single justice was not being asked to rule on the correctness of anything he had done as a Superior Court judge in the codefendant's case (or even on the correctness of the trial judge's order denying the defendant's motion for a new trial), and nothing about the defendant's gatekeeper application depended on any findings or rulings he had made in that case.  The court in the Rice case itself recognized the difference between these two types of situations. See id. at 1118 (holding that judge's disqualification was required under principle that "a judge may not sit on appeal in review of his decisions as a trial judge," while simultaneously acknowledging that "neither an appellate nor a trial judge is disqualified from sitting in a case because of an earlier decision, in which he participated, of a similar case involving other parties").

*Lena*, 369 Mass. at 574.  Presiding over a proceeding involving a codefendant is not necessarily a ground for disqualification. See *Commonwealth* v. *Adkinson*, 442 Mass. 410, 415 (2004) (recusal not required where judge previously heard and denied codefendant's suppression motion on basis that both defendant's and codefendant's testimony not credible); *Commonwealth* v. *Campbell*, 5 Mass. App. Ct. 571, 587 (1977).  Additionally, the "passage of time certainly can be a factor leading to a conclusion that any concerns about a judge's impartiality would be unreasonable."  *Commonwealth* v. *Morgan RV Resorts, LLC*, 84 Mass. App. Ct. 1, 12 (2013).

All of these considerations combine in this case to persuade us that there is no reasonable basis to question the single justice's impartiality.  The single justice presided over a nonevidentiary hearing involving a codefendant years before the defendant's gatekeeper application was filed, and he made a strictly legal determination that the Commonwealth would not be able to sustain its burden at trial against the codefendant.

Furthermore, the defendant failed to raise this recusal issue with the single justice for years after he admittedly became aware of the single justice's involvement in Pacheco's case.[5]  Although he appears to have raised the issue (unsuccessfully) in the Federal court during that time, in a habeas corpus action, he did not bring it to the single justice's attention.  In these circumstances, the single justice properly could have denied the motion because it was untimely. See *Commonwealth* v. *Gunter*, 456 Mass. 1017, 1018 (2010), *S.C.*, 459 Mass. 480, cert. denied, 132 S. Ct 218 (2011) (defendant may "file a timely motion for reconsideration" of denial of gatekeeper petition with single justice); *Demoulas* v. *Demoulas*, 432 Mass. 43, 50 (2000) (posttrial recusal motions presumptively untimely).  As we have said, "parties seeking disqualification of a judge . . . have an obligation to move at the earliest possible opportunity after learning of the grounds for the judge's recusal."  *Demoulas*, *supra* at 52.

*Conclusion*.  The single justice's order declining to recuse himself is affirmed, and, consequently, the defendant's appeal

---

[5] The defendant's claim that he first learned of the single justice's involvement in Pacheco's case "long after" the gatekeeper application had been denied is belied by the record. In 2005, the defendant filed an affidavit in Federal court describing the single's justice's involvement.

from the single justice's order denying the application pursuant to G. L. c. 278, § 33E, must be dismissed.  See note 1, <u>supra</u>.

<u>So ordered</u>.


<u>Chauncey B. Wood</u> for the defendant.
<u>Jane Davidson Montori</u>, Assistant District Attorney, for the Commonwealth.