NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12765

COMMONWEALTH vs. ERVIN JOHNSON.

October 17, 2019.

Practice, Criminal, Capital case, Postconviction relief, Appeal.

The defendant, Ervin Johnson, was convicted of murder in the first degree by reason of extreme atrocity or cruelty. See Commonwealth v. Johnson, 429 Mass. 745 (1999). He has filed several postconviction motions in the trial court, most recently, in November 2018, a motion for forensic testing pursuant to G. L. c. 278A. After the motion was denied, Johnson applied to a single justice of this court for leave to appeal from the denial, pursuant to G. L. c. 278, § 33E. The single justice denied the application. Johnson has appealed from the single justice's ruling and the Commonwealth has moved to dismiss the appeal.

Johnson has no right to appeal from the single justice's ruling. "A single justice, acting as a gatekeeper pursuant to G. L. c. 278, § 33E, may allow an appeal to the full court to proceed under that statute if the appeal presents a 'new and substantial' question." Commonwealth v. Anderson, 482 Mass. 1027, 1027 (2019), citing Commonwealth v. Gunter, 459 Mass. 480, 487, cert. denied, 565 U.S. 868 (2011). "If the appeal fails on either count, and the single justice denies the application, that decision 'is final and unreviewable.'" Anderson, supra, quoting Commonwealth v. Gunter, 456 Mass. 1017, 1017 (2010). Johnson's attempt to appeal from the single justice's denial of his application must therefore be dismissed.[1]

_____

[1] To the extent that the defendant suggests, in his opposition to the Commonwealth's motion to dismiss the appeal,

<u>Appeal dismissed</u>.


<u>Ervin Johnson</u>, pro se.
<u>Paul B. Linn</u>, Assistant District Attorney, for the
Commonwealth.

---

that the single justice considered his petition pursuant to
G. L. c. 211, § 3, not, or in addition to, G. L. c. 278, § 33E,
we note that although the single justice's initial order denying
the petition did refer to G. L. c. 211, § 3, she subsequently
issued an amended order referring instead, and correctly, to
G. L. c. 278, § 33E.