NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-118

COMMONWEALTH

vs.

JONATHAN M. ARCE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Jonathan M. Arce, appeals from orders revoking his probation and denying his motions for reconsideration issued by a judge in the drug court session of the District Court.[1]  The defendant argues that the judge impermissibly considered the nature of the probation violations because they amounted to uncharged conduct, and that the judge

_____

[1] See Deputy Chief Counsel for the Pub. Defender Div. of the Comm. for Pub. Counsel Servs. v. Acting First Justice of the Lowell Div. of the Dist. Court Dep't, 477 Mass. 178, 179-181 (2017) (describing drug court model and its "underlying philosophy that drug court defendants must exhibit an unconditional commitment to engage in and comply with a rigorous substance abuse treatment program").

should have recused himself from presiding at the probation violation hearing.  We affirm.

Background.  On August 5, 2024, the defendant pleaded guilty on complaints for possession of a class B substance, G. L. c. 94C, § 34, and resisting arrest, G. L. c. 268, § 32B.[2] The judge placed the defendant on probation for two years with conditions including that he obey all laws, notify his probation officer of any change of address within forty-eight hours, undergo substance abuse treatment, enter and complete the drug court program, and enter and complete a program at a residential drug treatment facility.

Shortly thereafter, a notice of probation violation issued alleging that on August 9, 2024, the defendant had been discharged from the drug treatment facility; failed to make his whereabouts known to his probation officer from August 9 to 13, 2024; and admitted using fentanyl, cocaine, and tetrahydrocannabinol (THC) on August 14, 2024.

The same judge who had presided at the plea hearing held a probation violation hearing on October 29, 2024.  The defendant waived his right to a hearing and admitted that he had violated his probation.  The judge found the defendant in violation of

_____

[2] The District Court maintained two separate dockets for the complaints.  For purposes of appeal, however, the matters have been consolidated by this court.

2

probation for failing to attend or complete the program at the residential drug treatment facility; failing to make his whereabouts known to his probation officer from August 9 to 13, 2024; and using fentanyl, cocaine, and THC on August 14.  On the issue of disposition, the probation officer asked that the judge revoke probation and sentence the defendant to eighteen months in the house of correction.  The probation officer informed the judge that the defendant had "essentially ordered drugs" for residents in the drug treatment facility, putting them at grave risk, and a prosecutor echoed those concerns.[3]  In response, defense counsel argued that the defendant "is not in denial about what [he] did.  He's very remorseful.  He understands . . . how it could have affected . . . a lot of other innocent people."  Counsel informed the judge that the defendant "was not charged in relation to what happened at the [drug treatment facility]," and asked the judge to sentence the defendant to nine months in the house of correction.  The judge revoked the defendant's probation and imposed an eighteen-month

---

[3] The prosecutor also argued that the judge should consider that the defendant's actions caused continued harm to the reputation of the drug court program.  The judge explicitly stated that he did not consider the reputation of the drug court program or his own reputation.

sentence on the complaint charging resisting arrest and a concurrent one-year sentence on the possession charge.

About six weeks later, the defendant filed motions for reconsideration of the sentence, or in the alternative for recusal of the judge, both of which the judge denied.  The defendant then filed motions to be permitted to file late notices of appeal, which the judge allowed.  The defendant appeals.

Discussion.  1.  Consideration of nature of probation violation in sentencing.  The defendant argues that in sentencing him after revoking his probation, the judge impermissibly considered "uncharged conduct," i.e., the statement of the probation officer that the defendant had been discharged from the residential drug treatment facility because "he essentially ordered drugs" for the people in that facility.  The defendant also argues that the judge violated his due process rights.  We are not persuaded.

In sentencing a defendant after revocation of probation, "[h]ow best to deal with the probationer is within the judge's discretion."  Commonwealth v. Eldred, 480 Mass. 90, 102-103 (2018), quoting Commonwealth v. Durling, 407 Mass. 108, 111 (1990).  Rule 8(d) of the District/Municipal Court Rules for Probation Violation Proceedings requires that the judge "shall

4

give such weight as [he] may deem appropriate" to factors including "public safety" and "the nature of the probation violation."  See Commonwealth v. Zachairah Z., 494 Mass. 417, 424 n.2 (2024).  The defendant stipulated that he had violated the conditions of his probation, and thus there is no dispute that he was discharged from the drug treatment facility and used fentanyl, cocaine, and THC.  After the probation officer and the prosecutor argued that the defendant's conduct posed a danger to other residents of the drug treatment facility, defense counsel acknowledged that the defendant understood how his conduct could have affected "other innocent people."  In those circumstances, the judge properly considered the nature of the defendant's violation and the risk to public safety.  See Commonwealth v. King, 96 Mass. App. Ct. 703, 712 (2019) ("the judge was entitled to consider the totality of the information placed before him in considering the appropriate disposition").

2.  Recusal.  The defendant argues that the judge was required to recuse himself from presiding at the probation violation hearing.  To begin with, we note that the defendant did not request that the judge recuse himself until six weeks after that hearing, and so the motion was untimely.  If the request was timely, we would review for an abuse of discretion the judge's decision not to recuse himself.  See Commonwealth v.

5

Rivera, 473 Mass. 1003, 1005 (2015).  We would discern no such abuse of discretion.

The defendant contends that the judge's comments at sentencing revealed "bias" against him.  After defense counsel argued that the defendant was remorseful and had not been charged with any offense as a result of his conduct at the drug treatment facility, the judge told the defendant,

> "My concern has to do with those people who were at the program who were simply trying to get healthy and the potential ramifications as a result of . . . the actions that you chose to take and how that could have impacted them.
>
> "And when I think about all of that, it's very scary to me, to be perfectly honest with you.  There are other fathers, mothers, wives, husbands who have loved ones who are in those programs who are hoping that they get to see their loved one come back healthier than when they went in.  And to the extent that you put that in jeopardy that day, that's what truly concerns me."

We are not persuaded by the defendant's claim that those comments exhibited the judge's "bias against [the defendant], distinguishing him from other . . . Drug Court defendants." While a judge "must be ever vigilant to make certain that his personal and private beliefs do not interfere with his judicial role," Commonwealth v. Mills, 436 Mass. 387, 401 (2002), a judge may "freely place on record his sentencing philosophy and particularized sentencing rationale," Commonwealth v. White, 48 Mass. App. Ct. 658, 664 (2000).  The judge's concern for the

6

welfare of other residents of the drug treatment facility did not amount to bias against the defendant.

> Orders dated October 29, 2024, revoking probation and December 11, 2024, denying motions for reconsideration, affirmed.
>
> By the Court (Grant, Walsh & Brennan, JJ.[4]),
>
> Clerk

Entered:  May 5, 2026.

---

[4] The panelists are listed in order of seniority.